LEE v GRAND RAPIDS BOARD OF EDUCATION

Docket No. 81139. Submitted June 4, 1985, at Grand Rapids.—Decided January 21, 1986. Leave to appeal applied for.

Plaintiffs, Kathleen Lee, Pamela Bukala, Carol Flegel and Dianne Deroseau, as teachers in the Grand Rapids School District, were unnamed members of a class in an action filed in federal district court in 1975. The defendants, the Grand Rapids Board of Education and the Grand Rapids School District, were unnamed members of the class of defendants in that federal action. The federal action alleged that the defendants discriminated against the plaintiffs in their treatment of maternity leave in a manner different from other types of sick leave or disability. The action was brought under several provisions of federal law, but was certified only as to claims brought under Title VII of the Civil Rights Act of 1964. Subsequently the plaintiff class was allowed to add claims under Michigan law, which claims related back to the filing of the original complaint. After an appeal to the Sixth Circuit Court of Appeals on the issue of certification, the federal district court, on October 14, 1983, ordered decertification of the plaintiff and defendant classes. At that time the present plaintiffs filed this action in the Kent Circuit Court, alleging violations of the Elliott-Larsen Civil Rights Act, the Michigan State Fair Employment Practices Act, the Fourteenth Amendment to the United States Constitution, and 42 USC 1983. The circuit court, George V. Boucher, J., granted accelerated judgment for defendants, holding that the claims were barred by the statute of limitations. Plaintiffs appealed, alleging that the operation of the statute of limitations was tolled during the pendency of the federal court action. *Held:*

1. The Court of Appeals distinguished this case from *Mair v*

REFERENCES

Am Jur 2d, Limitation of Actions §§ 73-75, 138 *et seq., 247 et seq.*

Am Jur 2d, Parties §§ 47 *et seq.*

Fraudulent concealment, so as to toll statute of limitations, as presenting common question of proof in antitrust class action. 70 ALR Fed 499.

See also the annotations in the ALR3d/4th Quick Index under Class Suits; Limitation of Actions.

*Consumers Power Co,* 419 Mich 79 (1984), which held that a proceeding before a federal administrative agency does not toll the period of limitation as to a subsequent state suit. *Mair* was distinguished on the basis that in this case, unlike in *Mair,* the defendants had notice of the state law claims, there has been no ruling on the merits of plaintiffs' claims, and the federal action was a lawsuit rather than an administrative proceeding.

2. Plaintiffs' Fourteenth Amendment and 42 USC 1983 claims are barred by the statute of limitations. Because the federal court refused to certify those claims in 1976, the period of limitations continued to run on those claims.

3. The state law claims, which were included in the federal class action, were preserved. The filing of the federal suit tolled the operation of the statute of limitations as to the state law claims. The trial court therefore erred in dismissing those claims.

Affirmed in part; reversed in part.

1. LIMITATION OF ACTIONS — CLASS ACTIONS — TOLLING.

A statutory period of limitations which is tolled by the filing of a class action remains tolled until certification of the class is denied.

2. LIMITATION OF ACTIONS — FEDERAL ACTION — STATE LAW CLAIMS — TOLLING.

The filing of a federal lawsuit which includes claims made under state law tolls the operation of the statute of limitations on the state law claims.

*Foster, Swift, Collins & Coey, P.C.* (by *Thomas J. Meyer),* for plaintiffs.

*Varnum, Riddering, Schmidt & Howlett* (by *Gary P. Skinner* and *Jeffrey S. Rueble),* for defendants.

Before: R. M. MAHER, P.J., and BEASLEY and SHEPHERD, JJ.

R. M. MAHER, P.J. The origin of this lawsuit reaches back in time and across jurisdictional boundaries. Plaintiffs were members of a class in an action originally filed in federal district court

on November 20, 1975, alleging violations of 42 USC 1983; Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.;* Title IX of the Education Amendments of 1972, 20 USC 1681 *et seq.;* and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. The defendants were members of the class of defendants in that action. Neither the plaintiffs nor defendants in this action were named parties in the federal case.

The federal district court certified the case as both a plaintiff's and defendant's class action, but only as to the claims under Title VII. *Thompson v Bd of Ed of Romeo Community Schools,* 71 FRD 398, 418 (WD Mich, 1976).

In an opinion issued on October 19, 1979, the federal court allowed the plaintiffs to amend their complaint to add claims under Michigan law which related back to the filing of the original complaint. The district court certified the classes as to the state claims.

In a subsequent ruling, the district court refused to decertify either the plaintiff or defendant classes. *Thompson v Bd of Ed of Romeo Community Schools,* 519 F Supp 1373 (WD Mich, 1981). On appeal, the Court of Appeals reversed both the plaintiff and defendant class certifications, severed the claims of the individual plaintiffs, and reversed and remanded to the district court. *Thompson v Bd of Ed of Romeo Community Schools,* 709 F2d 1200 (CA 6, 1983). On October 14, 1983, the federal district court issued an order providing for notice of decertification of the plaintiff and defendant classes.

On October 12, 1983, the present plaintiffs filed this cause of action in the circuit court, alleging violations of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.;* the

Michigan State Fair Employment Practices Act,
MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.;* the
Fourteenth Amendment to the United States Con-
stitution; and 42 USC 1983. The basis of plaintiffs'
claim is that defendants' policies and practices
treat pregnancy differently than other temporary
disabilities. Plaintiffs seek compensation for sick
pay, and/or back pay, plus any other damages to
which they are entitled.

Defendants filed an answer stating that plain-
tiffs' claims are barred by the statute of limita-
tions, and filed a motion for accelerated judgment.
In an opinion issued September 14, 1984, the
circuit court granted defendants' motion for accel-
erated judgment. Plaintiffs appeal as of right.

The issue on appeal is whether plaintiffs' claims
are barred by the statute of limitations or whether
they were tolled during the pendency of the fed-
eral court action. The trial court opined that the
issue was settled by the Supreme Court's decision
in *Mair v Consumers Power Co,* 419 Mich 74; 348
NW2d 256 (1984). We disagree.

In *Mair,* the Supreme Court held that a proceed-
ing before a federal administrative agency does
not toll the operation of the statute of limitations
as it relates to a subsequent lawsuit in a Michigan
state court. *Mair* involved a claim brought in a
state circuit court subsequent to the dismissal of a
complaint with the United States Equal Employ-
ment Opportunity Commission, filed pursuant to
§ 706 of Title VII of the Civil Rights Act of 1964,
42 USC 2000e *et seq.*

However, *Mair* can be distinguished from this
case in several respects. First, in *Mair,* the defen-
dant did not receive notice of the plaintiff's state
claims until the filing of the action in the circuit
court. The Supreme Court specifically noted, 419
Mich 84-85:

"Here, defendant was on notice of an administrative investigation under *federal* law, but was at no time during the period of the running of the statute of limitations put on notice of the possibility of having to defend a lawsuit under *state* law." (Emphasis added.) (Footnote omitted.)

In this case, defendants received notice of the state claims against them four years prior to the filing of this action. It will be recalled that this case was filed in 1983, and the complaint in the federal court action was amended in 1979 to add the state claims (which related back to the filing of the original complaint in 1975).

Second, in *Mair,* the plaintiff's administrative complaint was dismissed on the merits. Then, instead of filing a lawsuit in federal court within 90 days after such a dismissal, the plaintiff filed a lawsuit in state court after the 90-day period had expired. The Supreme Court commented as to the apparent election of the plaintiff, 419 Mich 84:

"Plaintiff made a deliberate choice of that forum, and she had the opportunity to have her case decided on the merits both before the EEOC and in federal court had she filed a timely complaint there. If, indeed, plaintiff now simply wants her case decided in a different forum under different law, then that, in and of itself, would defeat the purpose of the tolling statute."

In this case, there has never been a ruling, either by the federal court or the circuit court, on the merits of plaintiffs' claims.

Third, and most obvious (although in an analytical sense the least significant) is that *Mair* was concerned with federal *administrative* proceedings, rather than with federal lawsuits. We could distinguish *Mair* solely on that ground if we wished. However, we choose to distinguish *Mair* on the

basis of the first two considerations because they demonstrate the logic in our distinction.

Thus, without any Supreme Court decision to constrain our holding in one direction or another, we reconsider the question as to whether plaintiffs' claims should be barred by the statute of limitations. The concerns of the Supreme Court in *Mair* —forum shopping and notice—are not present here.

We conclude that the plaintiffs' claims under the Fourteenth Admendment and 42 USC 1983 are, nevertheless, barred by the statute of limitations. It will be recalled that when the federal district court certified the case as a class action, it only certified the claims under Title VII. In *Crown, Cork & Seal Co, Inc v Parker,* 462 US 345, 354; 103 S Ct 2393; 76 L Ed 2d 628 (1983), the United States Supreme Court held that once the operation of the statute of limitations has been tolled by the filing of a class action suit, it remains tolled until class certification is denied.[1]

Therefore, pursuant to *Crown, Cork & Seal Co,* the federal district court's refusal to certify plaintiffs' Fourteenth Amendment and 42 USC 1983 claims on May 27, 1976, caused the period of limitation on those claims to begin to run. The applicable period of limitation is only of three years duration, *Gilbert v Grand Trunk Western Railroad,* 95 Mich App 308; 290 NW2d 426 (1980), *lv den* 410 Mich 854 (1980). This cause of action was filed in October, 1983. Obviously, the period of limitation had expired on those claims.

However, the result is different for the claims under state law. It will be recalled that, although the Fourteenth Amendment and 42 USC 1983

---

[1] Once class certification is denied, class members may choose to file their own lawsuits or move to intervene in the pending cause of action.

claims were not certified, the Title VII claims were certified as a class action.[2] Later, the complaint was amended to include the state claims, which related back to the filing of the original complaint. Therefore, the state claims were preserved by the federal district court action, and, if the federal district court action tolled the operation of the statute of limitations, the state claims are properly the subject of this lawsuit.

This Court has previously held that the filing of a federal lawsuit tolls the operation of the statute of limitations, *Ralph Shrader, Inc v The Ecclestone Chemical Co, Inc,* 22 Mich App 213; 177 NW2d 241 (1970), *app dis* 385 Mich 789 (1971). We conclude, for the reasons set forth above, that the federal district court action tolled the operation of the statue of limitations as to plaintiffs' claims pursuant to the Elliott-Larsen Civil Rights Act and the Michigan State Fair Employment Practices Act. The trial court's dismissal of those claims on the basis of the statute of limitations constitutes reversible error.

Affirmed in part; reversed in part. No costs.

---

[2] The fact that plaintiffs did not allege a Title VII violation in this case does not alter this analysis.