(No. 84488.— )

GWENDOLYN PORTWOOD *et al.*, Appellants, v. FORD MOTOR COMPANY, Appellee.

*Opinion filed October 1, 1998.*

Clinton A. Krislov and Jonathan Nachsin, of Krislov

& Associates, of Chicago, and Beverly C. Moore, Jr., of Moore & Brown, of Washington, D.C., for appellants.

John T. Coleman, Richard B. Foster III and Karen Kies DeGrand, of Donohue, Brown, Mathewson & Smyth, of Chicago, and William T. Coleman, Jr., Richard C. Warmer, Carl R. Schenker, Jr., and Patrick R. Rizzi, of O'Melveny & Myers LLP, of Washington, D.C., for appellee.

James M. Beck and Kathleen L. Blaner, of Pepper, Hamilton & Scheetz, LLP, of Philadelphia, Pennsylvania (Hugh F. Young, Jr., of Reston, Virginia, of counsel), for *amicus curiae* Product Liability Advisory Council, Inc.

JUSTICE HEIPLE delivered the opinion of the court:
Gwendolyn Portwood and 51 other plaintiffs appeal the following holdings of the circuit and appellate courts: (1) the filing in federal court of a complaint seeking certification of a class action does not toll, or suspend, the Illinois statute of limitations during the pendency of that complaint; and (2) plaintiffs whose breach of warranty claims are dismissed by a federal court for lack of jurisdiction have six months to refile those claims in Illinois state court. We affirm both holdings.

BACKGROUND

On August 21, 1981, a group of plaintiffs filed a complaint in United States District Court for the District of Columbia seeking certification of a nationwide class action against defendant Ford Motor Company. The complaint alleged that thousands of people who purchased Ford automobiles between 1976 and 1979 sustained property damage as a result of collisions which occurred when the vehicles' transmissions shifted from "park" to "reverse" without warning. The district court initially certified a class action, but was reversed on appeal. *Walsh v.*

*Ford Motor Co.*, 807 F.2d 1000 (D.C. Cir. 1986). On remand, the district court found class certification unwarranted, and also dismissed the plaintiffs' individual claims for lack of federal jurisdiction. *Walsh v. Ford Motor Co.*, 130 F.R.D. 260 (D.D.C. 1990). The district court denied reconsideration on May 14, 1990.

On May 14, 1991, plaintiffs filed this action in the circuit court of Cook County seeking certification of a nationwide class similar to that sought in *Walsh*. Of the named plaintiffs in the instant case, 47 were also named as plaintiffs in *Walsh*; the other five were unnamed members of the potential *Walsh* class.

The circuit court granted defendant's motion to dismiss the complaint as untimely. The court ruled that the statute of limitations for bringing suit in Illinois was not tolled, or suspended, by the filing in federal court of the *Walsh* class action complaint, and hence the claims of the five plaintiffs not named in *Walsh* were untimely. The court also ruled that under section 2—725 of the Uniform Commercial Code (Ill. Rev. Stat. 1991, ch. 26, par. 2—725), the 47 plaintiffs named in *Walsh* had six months to bring suit in Illinois following dismissal by the federal district court. Because the instant complaint was not filed until one year after the dismissal of *Walsh*, the circuit court ruled that the claims of the 47 *Walsh* plaintiffs were also untimely. The appellate court affirmed the circuit court's dismissal of the complaint. *Portwood v. Ford Motor Co.*, 292 Ill. App. 3d 478 (1997). We granted leave to appeal, and now affirm.

## ANALYSIS

### I. Cross-Jurisdictional Class Action Tolling

In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 38 L. Ed. 2d 713, 94 S. Ct. 756 (1974), the United States Supreme Court held that the filing of a class action in federal district court tolls the running of the statute of limitations for all purported members of the class who make timely motions to intervene after the

court has found the suit inappropriate for class action status. *American Pipe*, 414 U.S. at 553, 38 L. Ed. 2d at 726, 94 S. Ct. at 766. This court subsequently adopted the *American Pipe* rule for class actions filed in Illinois state court. *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 342 (1977). The Supreme Court then extended *American Pipe* by holding that the filing of a class action in federal district court tolls the statute of limitations not just for those who move to intervene in the original suit after class status is denied, but also for those who subsequently file their own individual suits in federal court. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350, 76 L. Ed. 2d 628, 633, 103 S. Ct. 2392, 2395-96 (1983).

The five instant plaintiffs who were not named as parties in the prior federal suit urge this court to apply the holding of *Crown, Cork* to toll the Illinois statute of limitations during the pendency in federal court of a complaint seeking class certification. These plaintiffs argue that when a federal court denies class certification, the tolling principle of *Crown, Cork* should apply to all purported class members who subsequently file individual suits, regardless of whether they file in federal or state court.

Statutes of limitation rest upon the premise that the right to be free of stale claims in time comes to prevail over the right to prosecute them. *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 369 (1995). Limitation periods are designed to encourage claimants to pursue causes of action before memories have faded, witnesses have died or disappeared, and evidence has been lost. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 89 L. Ed. 1628, 1635, 65 S. Ct. 1137, 1142 (1945). Statutes of limitation thus promote predictability and finality. *Golla*, 167 Ill. 2d at 370.

In *American Pipe*, the United States Supreme Court

reasoned that tolling the statute of limitations for all purported class members upon the filing of a class action complaint would best promote the purposes of the class action procedure, which are efficiency and economy of litigation. *American Pipe*, 414 U.S. at 553-54, 38 L. Ed. 2d at 726-27, 94 S. Ct. at 766. Without such a tolling rule, the Court explained, class members not named in the original complaint would feel compelled to file motions to intervene in the action before the expiration of the limitation period in order to prevent loss of their claims in the event class status was ultimately denied after the limitation deadline. *American Pipe*, 414 U.S. at 553, 38 L. Ed. 2d at 726, 94 S. Ct. at 766. The Court asserted that such "protective" filings would be unnecessarily duplicative and thus detrimental to the class action's goal of litigative efficiency. *American Pipe*, 414 U.S. at 553-54, 38 L. Ed. 2d at 726-27, 94 S. Ct. at 766. Similarly, in *Crown, Cork*, the Court reasoned that tolling the statute of limitations for purported class members who file separate, individual suits after the denial of class status was likewise essential to prevent needless "protective" filings of such suits during the pendency of the class action complaint. *Crown, Cork*, 462 U.S. at 350-51, 76 L. Ed. 2d at 634, 103 S. Ct. at 2396.

Plaintiffs concede that both *American Pipe* and *Crown, Cork* concerned individual suits filed in federal court after denial of class certification in federal court. Plaintiffs nevertheless contend that the tolling principles of those cases are applicable as well to individual suits filed in Illinois state court after denial of class certification in federal court. We disagree.

Tolling the statute of limitations for individual actions filed after the dismissal of a class action is sound policy when both actions are brought in the same court system. In such instances, failing to suspend the limitation period would burden the subject court system with

the protective filings described by the Supreme Court in *American Pipe* and *Crown, Cork. American Pipe*, 414 U.S. at 553-54, 38 L. Ed. 2d at 726-27, 94 S. Ct. at 766; *Crown, Cork*, 462 U.S. at 350-51, 76 L. Ed. 2d at 634, 103 S. Ct. at 2396. Tolling the statute of limitations for purported class members who file individual suits within the same court system after class status is denied therefore serves to reduce the total number of filings within that system.

Tolling a state statute of limitations during the pendency of a federal class action, however, may actually increase the burden on that state's court system, because plaintiffs from across the country may elect to file a subsequent suit in that state solely to take advantage of the generous tolling rule. Unless all states simultaneously adopt the rule of cross-jurisdictional class action tolling, any state which independently does so will invite into its courts a disproportionate share of suits which the federal courts have refused to certify as class actions after the statute of limitations has run. Although plaintiffs assert that the majority of courts which have considered this issue have chosen to adopt cross-jurisdictional tolling to preserve claims under state law, our research indicates precisely the opposite. See *Barela v. Showa Denko, K.K.*, No. CIV—93—1469 (D.N.M. February 28, 1996) (concluding that class action brought in another jurisdiction does not toll New Mexico statute of limitations); *Bell v. Showa Denko, K.K.*, 899 S.W.2d 749, 757 (Tex. Ct. App. 1995) (holding that pendency of federal class action does not toll Texas statute of limitations); *In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 213 (2d Cir. 1987) (holding that Hawaii statute of limitations is not tolled by pendency of federal class action); but see *Lee v. Grand Rapids Board of Education*, 148 Mich. App. 364, 369-70, 384 N.W.2d 165, 168 (1986) (holding that Michigan state claims were preserved by prior federal suit). At

any rate, it is apparent that very few states to date have even considered the issue of cross-jurisdictional tolling, let alone adopted it. Given this state of affairs, it is clear that adoption of cross-jurisdictional class tolling in Illinois would encourage plaintiffs from across the country to bring suit here following dismissal of their class actions in federal court. We refuse to expose the Illinois court system to such forum shopping.

Furthermore, because state courts have no control over the work of the federal judiciary, we believe it would be unwise to adopt a policy basing the length of Illinois limitation periods on the federal courts' disposition of suits seeking class certification. State courts should not be required to entertain stale claims simply because the controlling statute of limitations expired while a federal court considered whether to certify a class action.

Our concerns with forum shopping and with the delay occasioned by the pendency of a class action in federal court are well illustrated by the instant case. Most of the current plaintiffs originally filed suit against defendant in federal court in Washington, D.C., in 1981. After numerous orders and appeals, that suit was finally dismissed in March of 1990. Plaintiffs thereafter brought two similar suits, one in the local courts of the District of Columbia and the other in Pennsylvania state court. Each of those suits was also dismissed. The fourth incarnation of this action in Illinois thus follows three unsuccessful forays by plaintiffs elsewhere, spanning a period now approaching two decades.

Plaintiffs contend that our rejection of cross-jurisdictional tolling will necessitate numerous protective filings in Illinois by plaintiffs who have class actions pending in other jurisdictions, thus burdening our state court system and inconveniencing the affected litigants. We are convinced, however, that any potential increase in filings occasioned by our decision today would be far

exceeded by the number of new suits that would be brought in Illinois were we to adopt the generous tolling rule advocated by plaintiffs. By rejecting cross-jurisdictional tolling, we ensure that the protective filings predicted by plaintiffs will be dispersed throughout the country rather than concentrated in Illinois.

Furthermore, early filings in state court by plaintiffs who are pursuing a class action elsewhere would not be entirely undesirable, as such filings would put that state's court system on notice of the potential claim. If necessary, the state suit could be stayed pending proceedings elsewhere. Certainly, the instant plaintiffs would be much better off if they had instituted such a protective filing years ago in an appropriate jurisdiction.

For all of these reasons, we affirm the circuit and appellate courts' holding that the Illinois statute of limitations is not tolled during the pendency of a class action in federal court.[1]

II. Applicable Savings Provision

Next, the 47 plaintiffs in the instant case who were also named as plaintiffs in the prior federal litigation contend that the circuit and appellate courts erred in holding that the complaint herein was untimely filed. These plaintiffs argue that the lower courts erroneously applied section 2—725(3) of the Uniform Commercial Code (Ill. Rev. Stat. 1991, ch. 26, par. 2—725(3)) rather than section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217) in calculating the

---

[1] Plaintiffs also challenge the circuit court's ruling that, regardless of any *individual* claims, the dismissal of a class action does not toll the statute of limitations for refiling of the suit as a *class action*. We find it unnecessary to address this issue, however, because the failure of plaintiffs' individual claims necessarily defeats their class claims as well. *Landesman v. General Motors Corp.*, 72 Ill. 2d 44 (1978).

time allowed for refiling this action after it was dismissed in federal court.

Section 2—725 of the Uniform Commercial Code provides, in relevant part, as follows:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.
\*\*\*

(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within 6 months after the termination of the first action \*\*\*." Ill. Rev. Stat. 1991, ch. 26, par. 2—725.

In contrast, section 13—217 of the Code of Civil Procedure provides as follows:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if \*\*\* the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater \*\*\*." Ill. Rev. Stat. 1991, ch. 110, par. 13—217.

Plaintiffs contend that because section 13—217 of the Code of Civil Procedure applies to "any \*\*\* act \*\*\* where the time for commencing an action is limited," its one-year savings period takes precedence over that contained in section 2—725(3) of the Uniform Commercial Code. We disagree.

Where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other particular and relating to only one subject, the particular provision must prevail. *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 195 (1992). Section 13—217 of the Code of Civil Procedure explicitly governs a wide variety of actions, both real and personal.

Conversely, UCC section 2—725(3) governs only actions for breach of contracts for sale. As the more specific provision, section 2—725(3) controls the instant case.

In addition to the specificity of the provision, another compelling reason to apply section 2—725(3) herein is to maintain the interjurisdictional uniformity sought by the Uniform Commercial Code. Section 2—725 was written "[t]o introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale." 810 ILCS Ann. 5/2—725, Uniform Commercial Code Comment, at 499 (1993). Failure to apply the explicit language of section 2—725(3) in this instance would defeat this goal of uniformity.

Plaintiffs cite a number of cases ostensibly supporting the priority of section 13—217 of the Code of Civil Procedure. See *Limer v. Lyman*, 241 Ill. App. 3d 125 (1993); *Roth v. Northern Assurance Co.*, 32 Ill. 2d 40 (1964); *Bethlehem Steel Corp. v. Chicago Eastern Corp.*, 863 F.2d 508 (7th Cir. 1988). Unlike the instant case, however, none of the cited cases involved two conflicting savings provisions, and we therefore deem the cases inapplicable.

For these reasons, we conclude that the circuit and appellate courts did not err in holding that those plaintiffs who participated in the prior federal litigation of this matter failed to timely file their complaint in Illinois pursuant to section 2—725(3) of the Uniform Commercial Code.

## CONCLUSION

For the reasons stated, we affirm the judgment of the appellate court, affirming the circuit court's dismissal of the instant complaint as untimely filed.

*Affirmed.*