JOURNAL ENTRY and OPINION
Plaintiff-appellant herein, Trumbull Memorial Hospital, appeals from the grant of summary judgment in favor of defendant-appellee, W.R. Grace Co. Connecticut, on appellant's claim for damages arising out of the sale and insulation of products containing asbestos. For the reasons adduced below, we affirm.
This case was originally filed on April 3, 1990 and was styledThe Ohio Hospital Association, et al. v. Armstrong WorldIndustries, Inc., et al. Initially, the case purported to be a class action with the class consisting of over 200 Ohio hospitals represented by the Ohio Hospital Association (hereinafter "OHA"). The appellant was not added as a party to the suit until May 9, 1994 when the trial court granted the plaintiffs leave to file a third amended complaint.[1]
The parties have stipulated that the appellant was aware of its cause of action against the appellee prior to April 3, 1986 or four years before the filing of the within action. The parties also agree, at least for the purposes of this appeal, that the action is governed by a four-year statute of limitations period as provided for in R.C. 2305.09(D). Thus, the appellant concedes that without the benefit of any tolling of the statute of limitations, this action would not have been timely commenced.
On November 18, 1985, a lawsuit was filed in Wisconsin state court styled Sisters of St. Mary v. AAER Sprayed Insulation, etal. Sisters of St. Mary purported to be a national class action lawsuit, with the class defined as "all entities which own, operate, control or are charged with the upkeep and maintenance in whole or part of any hospital throughout the United States and Canada." Although appellant hospital was not a named plaintiff in the Sisters of St. Mary litigation, it certainly qualified as an entity which owned or operated a hospital within the United States and, thus, was a potential class member. On December 17, 1987, the Wisconsin circuit court in which the litigation was filed decided against certifying the class, citing its concerns that the potential task of applying the law of fifty different states would be unwieldy. The trial court's decision was affirmed both by the court of appeals and the Wisconsin Supreme Court. SeeSisters of St. Mary v. AAER Sprayed Insulation (1989),445 N.W.2d 723; Sisters of St. Mary v. AAER Sprayed Insulation (1989), 449 N.W.2d 275.
The appellee herein filed a motion for summary judgment with the trial court on June 3, 1998 alleging that the appellant's cause of action against it was time-barred because the appellant had discovered its cause of action prior to April 3, 1986.[2]
On August 18, 1998, the trial court denied the motion for summary judgment. Yet, the trial court's order stated that "no action was taken by plaintiff in any Ohio court prior to April 3, 1990." Thereafter, the appellant filed a supplemental motion for summary judgment in which it asserted that appellant had notice of the asbestos problem and had taken corrective measures as far back as 1984, well before the operative date of April 3, 1986. On January 28, 1999, appellant filed a stipulation of fact with the trial court in which it admitted that it had notice of the underlying facts prior to April 3, 1986. Based on this stipulation, the trial court entered an order on January 29, 1999, in which it entered judgment for the appellee stating "in view of [the] written stipulation, no genuine issues of fact remains."[3]
It is from the January 28, 1999 judgment of the trial court from which the appellant takes the instant appeal. The narrow, though not necessarily straight forward, issue presented in this appeal is whether the appellant is entitled to the benefit of a tolling of the governing four-year statute of limitations during the period in the Sisters of St. Mary class action litigation was pending in Wisconsin before that state's circuit court denied the plaintiffs' motion to certify class. The sole assignment of error in this case states:
 I. THE LOWER COURT ERRED BY DISMISSING THE CLAIM OF TRUMBULL MEMORIAL HOSPITAL AS NOT BEING TIMELY FILED PURSUANT TO THE FOUR-YEAR STATUTE OF LIMITATIONS CONTAINED IN REVISED CODE 2305.09.
Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co.
(1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas
(1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id.
at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704
. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50;Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
The appellant invites this court to fashion a cross-jurisdictional tolling doctrine similar to that recognized in federal courts whereby an applicable statute of limitations period is tolled during the period in which plaintiff is an asserted member of a class in class action litigation prior to a decision denying class certification. See Crown, Cork Seal Co., Inc. v. Parker (1983), 462 U.S. 345;American Pipe Construction Co. v. Utah (1974), 414 U.S. 538.
In Howard v. Allen (1972), 30 Ohio St.2d 130, 133-134, the Ohio Supreme Court set forth the general rule that foreign actions do not operate to "toll the running of limitations against an action for the same cause of action and between the same parties in another state." Although this opinion was published before the United States' Supreme Court recognized the existence of the class action tolling doctrine, the Court's opinion is nonetheless instructive. The Court stated:
 The applicable statute of limitation is that of Ohio. If the action is barred by the Ohio statute of limitation, no action can be maintained in this state, even though the action is not barred elsewhere. Suit must be brought in Ohio before the Ohio statute has run. A suit in another state can no more toll the Ohio statute, applicable to suits in Ohio, than an unexpired claim under the statute of another state can operate to lift the statute of limitation and thereby make the saving clause available.
Howard v. Allen, supra, at 134. (Emphasis added.)
The existence of a class action tolling doctrine in federal jurisprudence is well established. In American Pipe, the Supreme Court reasoned that:
 [Tolling] is in no way inconsistent with the functional operation of a statute of limitations. As the Court stated in Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 242, 64 S.Ct 528, 88 L.Ed 788, statutory limitations periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time prevails over the right to prosecute them." Id. at 348-349, 64 S.Ct. at 586. The policies of ensuring essential fairness to defendants and of barring a plaintiff who "has slept on his rights," Burnett v. New York Central R. Co., 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed. 941, are satisfied when, as here, named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and the size of the prospective litigation, whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors.
 Since the imposition of a time bar would not in this circumstance promote the purposes of the statute of limitations, the tolling rule we establish here is consistent both with the procedures of Rule 23 and with the proper functions of the limitations statute.
In Crown, Cork Seal, the Supreme Court extended the tolling rule established in American Pipe beyond intervenors to those class members who file separate actions after a class has been decertified. The Court stated:
 While American Pipe concerned only intervenors, we conclude that the holding of this case is not to be read so narrowly. * * *
 There are many reasons why a class member, after denial of class certification, might prefer to bring an individual suit rather than to intervene. The forum in which the class action is pending might be an inconvenient one, for example, or the class member might not wish to share control over the litigation with other plaintiffs once the economies of a class action were no longer available. Moreover, permission to intervene might be refused for reasons wholly unrelated to the merits of the claim. A putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations. The result would be needless multiplicity of actions-precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of American Pipe were designed to avoid.
The appellant, implicitly recognizing the failure of Ohio to legislate on the issue of tolling and the lack of applicable precedent on point, has urged this court to adopt the tolling rule as laid in American Pipe and expanded upon in Crown, Cork Seal and to apply it in situations where a litigant bringing suit in Ohio seeks the benefit of a toll of the statute of limitations arising out of a class action suit brought in state court in a foreign jurisdiction. Appellant contends that, given the similarities between Federal Rule of Civil Procedure 23 and Ohio Rule of Civil Procedure 23:
 [t]he Ohio Supreme Court will most certainly follow the pronouncements * * * from the U.S. Supreme Court, the federal authorities recognizing class action tolling, and, * * *, decisions from the Ohio Courts of Appeal, to properly toll the statute of limitations during the pendency of the Wisconsin class action.
Yet, after reviewing the pronouncements referenced by the appellant, this court is unable to conclude that under the current state of Ohio law, the appellant is entitled to a tolling of the applicable statute of limitations during the period in which the Sisters of St. Mary litigation was pending in a Wisconsin court, prior to the decertification of the proposed class. This court, while recognizing that public policy considerations exist which dictate both in favor and against adoption of such a rule, declines to reach the conclusion urged by the appellant because of the lack of controlling legal authority which would permit a finding that cross-jurisdictional class action tolling of statutes of limitations is recognized in Ohio.
The appellant misapprehends the holdings of American Pipe andCrown, Cork Seal when it states that the trial court holding is in conflict with the U.S. Supreme Court's recognition of the class action tolling rule. Neither of theses cases recognize cross jurisdictional class action tolling, whether it involves a state and a federal court or the state courts of two different states. Therefore, the question presently before this court has not been specifically addressed by the Supreme Court.
The Ohio Supreme Court has expressly held that only thelegislature, and not the courts, may create exceptions to the statute of limitations governing a cause of action. Limitation statutes are matters of legislative grace and, accordingly, should only be modified or eliminated by the general assembly.Cincinnati v. Thomas Soft Ice Cream (1977), 52 Ohio St.2d 76;Powell v. Koehler (1894), 52 Ohio St.3d 103. Exceptions to statute of limitations "are strictly construed, and cannot be enlarged even from considerations of apparent hardship or inconvenience." McVeigh v. Fetterman (1917), 95 Ohio St. 293, citing Powell v. Koehler, supra; see, also, The Redifer Bus Co.v. Lumme (1961), 171 Ohio St. 471, 475, concurring opinion. The tolling of an applicable statute of limitations is a question of state, not federal law. Hamilton Cty. Bd. of Educ. v.Asbestospray Corp. (Feb. 14, 1995), C.A.6 No. 90-6374, unreported.
The appellant draws this court's attention to several Ohio cases which purportedly recognized the doctrine of class action tolling. Upon closer inspection, none of these cases stand for the expansive proposition of law advocated by the appellant.
The appellant states, without explanation or discussion, thatColumbus Bd. of Educ. vs. Armstrong World Industries, Inc.
(1993), 89 Ohio App.3d 846, "recognized the fundamental principle that a national class action filed in federal court in Pennsylvania would toll the statute of limitations as to all members of the class against all properly named defendants." The court in Columbus Bd. of Educ. did not need to address the issue of class action tolling because the defendant in the case where the plaintiff was seeking the benefit of the tolling period had not been added as a defendant in the prior class action lawsuit via an amended complaint until after the four-year statute of limitation from accrual date of the cause of action had already expired.[4]
In Beaver Creek Local Schools v. Basic, Inc. (1991), 71 Ohio App.3d 669, the Greene County Court of Appeals stated in dicta that the applicable statute of limitations would have been tolled during the pendency of a class action in federal court had the defendant also been named as a defendant in the class action suit. The court cited two federal cases which had applied the well-recognized federal class action tolling rule, but did not engage in any substantive discussion whatsoever on the existence and/or merits of class action tolling under state law and did not distinguish federal and state jurisprudence in this area of the law. As it is beyond dispute that tolling of statutes of limitations is a matter of state, rather than federal law, we do not find this case to be persuasive.
In Portwood v. Ford Motor Company (1998), 183 Ill.2d 459,701 N.E.2d 1102, certiorari denied (1999), 119 S.Ct. 1046,143 L.Ed.2d 53, the Illinois Supreme Court addressed an issue very similar to the one that is presented in the present case. The plaintiffs in Portwood had filed an action seeking class certification in a state court outside of the statute of limitations. The lawsuit alleged that the plaintiffs had been damaged due to the faulty functioning of transmissions in vehicles which had been purchased from the defendant Ford Motor Company. The subject lawsuit was filed on May 14, 1991 and sought damages on behalf of "thousands" of people who purchased Ford automobiles between 1976 and 1979 and who sustained property damage as a result of collisions which occurred when the vehicles' transmissions shifted from "park" to "reverse" without warning. The plaintiffs in Portwood attempted to overcome the fact that their lawsuit was filed outside of the applicable statute of limitations by asserting that they were entitled to a tolling of the statute of limitations during the pendency of a class action lawsuit that had been filed in the United States District Court for the District of Columbia on August 21, 1981 seeking certification of a nationwide class action against Ford Motor Company. The federal district court initially granted the plaintiffs class status, but was reversed on appeal.
The Portwood decision extensively reviewed the U.S. Supreme Court pronouncements on class action tolling in American Pipe andCrown, Cork and Seal and recognized that Illinois had adopted theAmerican Pipe rule for class actions filed in an Illinois state court, but, nonetheless, concluded that tolling the statute of limitations for individual actions filed after the dismissal of a class action was not sound policy where both actions were not brought in the same court system. The court reasoned that any state which independently adopted a rule cross-jurisdictional class action tolling "will invite into its courts a disproportionate share of suits which the federal courts have refused to certify as class actions after the statute of limitations has run." Portwood at 465. We find the reasoning behind the Court's decision in Portwood to be more persuasive than the case authority from other jurisdictions brought to our attention by the appellant.
In the present case, the appellant asks that this court adopt a policy which would not only invite litigants who were unsuccessful in federal court to file suit in Ohio, but, also, litigants from nearly every other state in the nation. This sort of court sanctioned forum shopping would likely result in an influx of cases into this state. This court believes that it is sounder public policy not to expose the Ohio courts to such risks.
The Portwood decision also recognized the inability of a state court system to regulate or control the proceedings of a foreign jurisdiction. Conceivably a case could languish for years in another state, or in the federal system, before class action status is denied. As stated in Portwood "[s]tate courts should not be required to entertain stale claims simply because the controlling statute of limitations expired while a federal court considered whether to certify a class action."
By joining other jurisdictions which have declined to recognize cross-jurisdictional class tolling, Ohio also recognizes the potential for abuse whereby any putative plaintiff in any class action around the country could potentially benefit from a toll of the statute of limitations by merely pointing to a class action lawsuit that was pending anywhere in the country during the time in which the statute of limitations was running, whether or not said plaintiff was even aware of the existence of the class action litigation during its pendency. By requiring a plaintiff to pursue his cause of action within the statute of limitations period proscribed by the legislature, or to file a protective action in this state during the pendency of a class action in another jurisdiction, the potential that defendants will be required to defend stale claims where "evidence has been lost, memories have faded, and witnesses have disappeared" is minimized. See American Pipe, supra.
Because the appellant's claim was filed outside of the four-year statute of limitation provided for in R.C. 2305.09 and because no recognized exception to statute of limitation are applicable in this case, the trial court correctly entered judgment in favor of appellee. To hold otherwise would constitute a judicial usurpation of legislative authority.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules
 __________________________ MICHAEL J. CORRIGAN JUDGE
TERRENCE O'DONNELL, P.J., and JOHN T. PATTON, J., CONCUR.
[1] The OHA first sought leave to abandon its class claim and substitute individual hospitals as defendants, including Trumbull Memorial Hospital on December 28, 1990, when it sought leave to file its first amended complaint. This motion, as well as a December 14, 1992 motion for leave to file second amended complaint, were never ruled on prior to the court's May 9, 1994 ruling.
[2] Appellee has stipulated, for the purposes of this appeal only, that the filing of the amended complaint naming appellant as a plaintiff related back to the filing of the original complaint. Additionally, the appellee points out that under a savings statute analysis a federal class action toll ceases to be operational when the trial court denies class certification. The appellant has throughout these proceedings used the date that the Supreme Court of Wisconsin denied review of plaintiffs' petition as the benchmark date for when the class action toll, if it existed, would have terminated. For the purposes of this appeal, it is not necessary for this court to decide the issue of whether the amended complaint, which named appellant as a plaintiff, related back to the date of the filing of the original complaint.
[3] Prior to this ruling, the trial court had on November 24, 1998 overruled the appellant's motion for reconsideration of the court's earlier ruling on appellee's motion for summary judgment, which while not granting summary judgment, refused to find that the Wisconsin class action had tolled the statute of limitations in this action.
[4] Even if this court were to recognize a rule permitting cross-jurisdiction class action tolling, the appellant would still have problems showing that the suit was brought within the statute of limitations because the appellant was not officially added as a party to the instant suit until May 9, 1994, several years after it was filed (although the initial motion for substitution was filed on December 28, 1990). Additionally, the fact that the trial court in the St. Mary's litigation denied class certification on February 3, 1988 further confuses the issue of the effect that a class action toll would have on the case sub judice.