# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 12, 2000 Session

## ANTHONY MAESTAS, ET AL. v. SOFAMOR DANEK GROUP, INC., ET AL.

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**No. 73518, 73049    John R. McCarroll, Jr., Judge**

---

### No. W1998-01907-SC-R11-CV - Filed December 21, 2000

---

The plaintiffs alleged that defendants' products, surgically implanted in their backs, were defective. The trial court granted summary judgment for defendants on grounds that the statute of limitations had expired. The plaintiffs appealed, contending that: 1) genuine issues of material fact existed as to whether the statute of limitations was tolled by the "discovery rule"; and 2) under the doctrine of "cross-jurisdictional tolling," the statute of limitations was tolled during the period in which the plaintiffs sought class certification in a class action filed in federal court. We decline to adopt the doctrine of cross-jurisdictional tolling. As the plaintiffs have conceded a "universal date of discovery" that is outside the applicable statute of limitations, our rejection of cross-jurisdictional tolling renders the plaintiffs' claims time-barred. Accordingly, we need not address the "discovery rule" issue raised by plaintiffs. The judgment of the Court of Appeals, affirming the trial court's grant of summary judgment, is hereby affirmed.

**Tenn. R. App. P. 13 Appeal by Permission; Judgment of the Court of Appeals Affirmed.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and ADOLPHO A. BIRCH, JR. and WILLIAM M. BARKER, J.J., joined. FRANK F. DROWOTA, III, J., not participating.

Andrea S. Lestelle and Roy F. Amedee, Jr., Metairie, Louisiana, John A. Day, Nashville, Tennessee, and Lisa June Cox, Jackson, Tennessee, for the appellants, Anthony Maestas, Eugenio Camara, Paul Hill, and William Shook.

George Lehner, Washington, D.C., Murray Levin, Philadelphia, Pennsylvania, and Sam B. Blair, Jr., Memphis, Tennessee, for the appellees, Danek Medical, Inc. and Warsaw Orthopedics, Inc.

George Lehner, Washington, D.C., Glen G. Reid, Jr., John Barry Burgess, and Sam B. Blair, Jr., Memphis, Tennessee, and Murray Levin, Philadelphia, Pennsylvania, for the appellee, Sofamor Danek Group, Inc.

Buckner Potts Wellford, Memphis, Tennessee, Carl R. Schenker, Jr., Washington, D.C., and Hugh F. Young, Jr., Reston, Virginia, for the amicus curiae, Product Liability Advisory Council, Inc.

J. Mark Rogers, Murfreesboro, Tennessee, for the amicus curiae, Tennessee Trial Lawyers Association.

## OPINION

The plaintiffs in this case each underwent back surgery in which implants were affixed to their spines using pedicle screws. These devices were manufactured by Sofamor Danek Group, Inc. ("SDG") and other named defendants. The plaintiffs claim that the pedicle screws and implants used in the surgical procedure caused them injury or exacerbated pre-existing medical conditions.

Plaintiff Maestas' implant surgery was performed on December 17, 1990. Plaintiff Camara had two such surgeries, the first on December 2, 1991, and the second on May 21, 1993. Plaintiff Hill also had two surgeries, the first on March 22, 1992, and the second on February 21, 1994. Plaintiff Shook's surgery was performed on June 19, 1991.

In December 1993, *20/20*, a television news program, aired an installment in which pedicle screws and related hardware were characterized as defective. Apparently in response to the *20/20* program, a class action was filed in federal court that same month in regard to the allegedly defective products. Class action certification was denied on February 24, 1995. Following denial of the class action, plaintiffs, along with hundreds of others, filed suit against SDG in Shelby County, Tennessee. Maestas filed suit on October 23, 1995; Camara, Hill, and Shook filed suit on October 12, 1995.

SDG moved for summary judgment. Its motion was granted by the trial court on grounds that the statute of limitations had expired. The Court of Appeals affirmed. We granted review to address the following issues: 1) whether genuine issues of material fact exist as to when the plaintiffs discovered or reasonably should have discovered their injuries; and 2) whether the doctrine of cross-jurisdictional tolling tolled the statute of limitations in this case.

### DISCOVERY RULE

The plaintiffs concede a universal date of discovery applicable to each of them even if SDG's motion for summary judgment had been denied. They allege in their brief that "the airing of the *20/20* television show is the date that begins the running of the statute of limitation regarding all claims against Appellees." SDG does not dispute this contention. It is therefore undisputed that the statute of limitations began to run no later than that date. The *20/20* program aired on December 17, 1993. Assuming that the statute of limitations began to run on that date, plaintiffs' suits would still be time-barred. In order to overcome this bar, plaintiffs urge this Court to adopt the doctrine of cross-jurisdictional tolling.

CROSS-JURISDICTIONAL TOLLING

In the federal courts, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 353-54 (1983); American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974). These cases describe a tolling doctrine applicable within the same jurisdiction; that is, statutes of limitations in federal cases will be tolled pending the outcome of class certifications sought in federal court.

By contrast, cross-jurisdictional tolling implicates tolling one jurisdiction's statute of limitations pending a judicial outcome in a foreign jurisdiction. In the context of the case at bar, cross-jurisdictional tolling would involve the tolling of the applicable Tennessee statute of limitations during the period in which the plaintiffs sought class certification as part of the unsuccessful class-action filed in the United States District Court for the Eastern District of Pennsylvania.

Under the facts of this case, cross-jurisdictional tolling would toll the commencement of the statute of limitations until February 24, 1995, the date class certification was denied. Accordingly, each of plaintiffs' claims would be timely filed if we were to adopt the doctrine and would be untimely filed were we to reject it.

Cross-jurisdictional tolling is yet unexplored in Tennessee law. In fact, few states have addressed the issue. Some have accepted the doctrine. See Staub v. Eastman Kodak Co., 726 A.2d 955 (N.J. Super. Ct. App. Div. 1999); Lee v. Grand Rapids Bd. of Educ., 384 N.W.2d 165 (Mich. Ct. App. 1986); Hyatt Corp. v. Occidental Fire & Cas. Co., 801 S.W.2d 382 (Mo. Ct. App. 1990). Others have rejected it. See Portwood v. Ford Motor Co., 701 N.E.2d 1102 (Ill. 1998); Ohio Hosp. Ass'n v. Armstrong World Indus., Inc., No. 76067, 2000 WL 354742 (Ohio Ct. App. April 6, 2000); Bell v. Showa Denko K.K., 899 S.W.2d 749 (Tex. Ct. App. 1995). Some federal courts have also rejected the doctrine, based upon interpretation of state law. See Wade v. Danek Medical, Inc., 182 F.3d 281 (4th Cir. 1999) (interpreting Virginia law); In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 210 (2d Cir. 1987) (interpreting Hawaii law); Thelen v. Massachusetts Mut. Life Ins. Co., 111 F. Supp. 2d 688 (D. Md. 2000).

Considering all of the above authority and arguments of counsel, we decline to adopt the doctrine of cross-jurisdictional tolling in Tennessee. We recognize that several jurisdictions have adopted intrajurisdictional tolling. See Wade, 182 F.3d at 286-87 (citing multiple authorities); Staub, 726 A.2d at 963-64 (same). "Tolling the statute of limitations for individual actions filed after the dismissal of a class action is sound policy when both actions are brought in the same court system." Portwood, 701 N.E.2d at 1104. The rationale for that rule is that if the statute of limitations were not tolled, that single system would be burdened both by the class action litigation and by numerous protective filings from the members of the class seeking to preserve their rights to bring suit individually should class certification be denied. See id.; see also Wade, 182 F.3d at 286.

We can find no comparable benefit from cross-jurisdictional tolling, however.[1] Our adoption of cross-jurisdictional tolling could, in a general sense, benefit the federal court system in its disposition of class actions. Nevertheless, Tennessee "simply has no interest, except perhaps out of comity, in furthering the efficiency and economy of the class action procedures of another jurisdiction, whether those of the federal courts or those of another state." Wade, 182 F.3d at 287.

Adoption of the doctrine would run the risk that Tennessee courts would become a clearinghouse for cases that are barred in the jurisdictions in which they otherwise would have been brought. Litigants who ordinarily would have filed in other states' courts would file in Tennessee solely because our cross-jurisdictional tolling doctrine would have effectively created an overly generous statute of limitations. See Wade, 182 F.3d at 287; Portwood, 701 N.E.2d at 1004. We cannot sanction such forum shopping.

We understand that our ruling may promote "protective" filings by plaintiffs who wish to preserve their right to file suit in Tennessee while they seek class certification elsewhere. Any administrative burdens Tennessee courts will suffer from those protective filings are greatly outweighed by the burdens presented by the mass exodus of rejected putative class members from federal court to Tennessee. Any risk of duplicative litigation resulting from the protective filings may be avoided by grant of a stay by the state court until the federal ruling on class certification is made. See Wade, 182 F.3d at 287 n.8.

Finally, the practical effect of our adoption of cross-jurisdictional tolling would be to make the commencement of the Tennessee statute of limitations contingent on the outcome of class certification as to any litigant who is part of a putative class action filed in any federal court in the United States. Cf. Wade, 182 F.3d at 288. It would essentially grant to federal courts the power to decide when Tennessee's statute of limitations begins to run. Such an outcome is contrary to our legislature's power to adopt statutes of limitations and the exceptions to those statutes, see, e.g., Phillips v. Memphis Furniture Mfg. Co., 79 S.W.2d 576, 578 (Tenn. 1935); Doe v. Coffee County Bd. of Educ., 852 S.W.2d 899, 905 (Tenn. Ct. App. 1992); L.H. Poppenheimer v. Bluff City Motor Homes, 658 S.W.2d 106, 111-12 (Tenn. Ct. App. 1983), and would arguably offend the doctrines of federalism and dual sovereignty. If the sovereign state of Tennessee is to cede such power to the federal courts, we shall leave it to the legislature to do so.

---

[1] At least two jurisdictions have specifically considered the benefits of one doctrine and the detriments of the other. Both Texas and Illinois have adopted intrajurisdictional tolling, see Grant v. Austin Bridge Constr. Co., 725 S.W.2d 366 (Tex. Ct. App. 1987); Steinberg v. Chicago Med. Sch., 371 N.E.2d 634 (Ill. 1977), but have rejected cross-jurisdictional tolling, see Bell v. Showa Denko K.K., 899 S.W.2d 749 (Tex. Ct. App. 1995); Portwood v. Ford Motor Co., 701 N.E.2d 1102 (Ill. 1998).

## CONCLUSION

We decline to adopt the doctrine of cross-jurisdictional tolling in Tennessee. As the plaintiffs claim a "universal date of discovery" that is outside the statute of limitations, our rejection of cross-jurisdictional tolling renders plaintiffs' claims time-barred. Accordingly, the judgment of the Court of Appeals affirming the trial court's grant of summary judgment is hereby affirmed.

Costs of this appeal are taxed to plaintiffs, Anthony Maestas, Eugenio Camara, Paul Hill, and William Shook, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE