# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE PORT OF WILMINGTON  )
GANTRY CRANE LITIGATION  )    C.A. No. N17C-11-276 PRW
                         )    CCLD
                         )

**THIS MATTER RELATES TO:**

KOCKS KRANE, GMBH,  )
                    )
            Plaintiff,  )
                    )    C.A. No. N17C-12-339 PRW
        v.          )
                    )
CERRON CADE, et al.,  )
                    )
            Defendants.  )

Submitted: September 18, 2020
Decided: September 28, 2020

## ORDER REFUSING TO CERTIFY AN INTERLOCUTORY APPEAL

This 28th day of September, 2020, upon consideration of Plaintiff Kocks Krane GmbH's ("KKG") application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated August 20, 2020, it appears to the Court that:

(1)    This is a civil action filed by KKG, a German company that manufactures cranes and crane systems.[1]  KKG requests the Court's certification of

---

[1]    Compl. ¶ 19.

-1-

its August 20, 2020 denial of KKG's motion for partial summary judgment on the count of its Complaint in which KKG sought a declaratory judgment that the Delaware Department of Labor ("DDOL") lacked authority under the Prevailing Wage Law ("PWL"), to order the Diamond State Port Corporation to withhold payments otherwise owed to KKG on a public works contract because of the alleged wage deficiencies of KKG's subcontractors in their payment of wages to the subcontractors' direct employees (the Order").[2]

(2)    Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[3]  So, the Court considers KKG's application under the rigorous standards of Rule 42.[4]

(3)    Under Rule 42, when faced with a litigant's request for certification for interlocutory appeal, this Court must: (a) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[5] (b) decide whether to certify via consideration of

---

[2]    *Id.*; *see* D.I. 193.

[3]    *DiSabatino Bros., Inc. v. Wortman,* 453 A.2d 102, 103 (Del. 1982).

[4]    *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P*., 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, Corporate and Commercial Practice in the Delaware Court of Chancery § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")).

[5]    Del. Supr. Ct. R. 42(b)(i).

the eight factors listed in Rule 42(b)(iii);[6] (c) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then (d) identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[7] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[8] Applications for certification of an interlocutory appeal require the exercise of the

---

[6]   (A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

[7]   Del. Supr. Ct. R. 42(b). Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).

[8]   Del. Supr. Ct. R. 42(b).

trial court's discretion and are granted only in extraordinary or exceptional circumstances.[9]

(4) The first step—determining whether the order over which a party is seeking certification decides a substantial issue of material importance—is a threshold inquiry; if the proposed appeal presents no substantial issue of material importance, certification is inappropriate.[10] An issue is substantial when it "decides a main question of law which relates to the merits of the case, and not to collateral matters."[11] And to be appealable, an interlocutory order also must establish a legal right.[12] A legal right is established when a court determines an issue essential to the positions of the parties regarding the merits of the case.[13] In other words, "one of the parties' rights has been enhanced or diminished as a result of the order."[14]

---

[9] *In re Pure Res., Inc. S'holders Litig.*, 2002 WL 31357847, at *1 (Del. Ch. Oct. 9, 2002); *Ryan v. Gifford*, 2008 WL 43699, at *4 (Del. Ch. Jan. 2, 2008).

[10] *Traditions, L.P. v. Harmon*, 2020 WL 1646784, at *1 (Del. Apr. 2, 2020).

[11] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008).

[12] *Pepsico v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520, 521 (Del. 1969) ("[A]s to the appealability of interlocutory orders. . . to be appealable, there must have been the determination of a substantial issue and the establishment of a legal right."); *Castaldo v. Pittsburgh-Des Moines Steel Co., Inc.*, 301 A.2d 87, 87 (Del. 1973) ("The oft-repeated test of the appealability of an interlocutory order is that it must determine a substantial issue and establish a legal right.").

[13] *In re Cogent, Inc. S'holder Litig.*, 2010 WL 4146179, at *1 (Del. Ch. Oct. 15, 2010).

[14] *Id.* (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, Corporate and Commercial Practice in the Delaware Court of Chancery § 14-4(b) (2000)).

(5)     KKG presents the following two question for certification: "1) whether the DDOL has the authority under the PWL to order DSPC to withhold payments to KKG, the primary contractor, for the alleged wage deficiencies of its subcontractors; and 2) whether the Court properly interpreted the term 'the employer' in the PWL to encompass KKG with respect to the subcontractors' employees."[15]  While posed as two separate questions, the application truly poses only one issue—that of the proper interpretation of the term "the employer" in the operative provisions of the PWL.[16]

(6)     The Court agrees with KKG that deciding the authority under the PWL via interpretation of "the employer" does relate to the merits of one particular piece of the complex multi-party litigation—in that individual claim KKG sought certain declaratory relief against the DDOL.  Specifically, the Court determined that KKG was "the employer" as contemplated under the PWL and, thus, the DDOL had the authority to order the withholding of public contract payments from KKG.  In turn,

---

[15]  *See* Appl. For Certification of Interlocutory Appeal at 2 (August 28, 2020) (D.I. 194) [hereinafter "Appl."].

[16]  It is important that this Court distill and clarify the issue or issues posed in a certification request, because a trial court may certify an order for appeal in whole or in part, and the Supreme Court may review it the same way. *See Dow Chemical Corp. v. Blanco,* 67 A.3d 392, 394 (Del. 2013) ("The Defendants applied for an interlocutory appeal of the Superior Court's opinion under Supreme Court Rule 42.  The Superior Court granted the application for an interlocutory appeal presenting one narrow question . . . [t]he Superior Court denied certification of the Defendants' remaining questions for interlocutory appeal. . . . Our inquiry is limited to the question certified.").

KKG's immediate rights to payment of certain public works contract funds had been diminished as a result of the Order. But it is not enough that the Court decided "a substantial issue of material importance," that issue must, given the case-specific circumstances in which it arose and was resolved, must "merit[] appellate review *before a final judgment*."[17]

(7)     The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [a] trial court should identify whether and why the likely benefits . . . outweigh the probable costs, such that interlocutory review is in the interests of justice."[18] Here, KKG argues they do. But after engaging the eight Rule 42(b)(iii) factors, the remainder of the Rule 42 analysis, and considering the totality of the circumstances presented here, the Court can't say that these factors warrant granting KKG's certification request.[19]

(8)     With respect to the Rule 42(b)(iii)(A) and (C) factors, the Court agrees with KKG that its decision involved an issue of first impression related to the construction and application of a Delaware statute. KKG argues "the issues subject

---

[17]   Del. Supr. Ct. R. 42(b)(i) (emphasis added).

[18]   Del. Supr. Ct. R. 42(b).

[19]   *See id.* ("If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.").

to interlocutory appeal are ones of first impression as this action is the first in which a Delaware trial court ruled on the authority of the [DDOL] to order withholding from a primary contractor for the wage deficiencies of a subcontractor or interpret[ed] the meaning of 'the employer' as used in the PWL" and thus satisfy Rule 42(b)(iii)(A).[20]  True—but the Court merely applied the plain meaning of certain language of the PWL that has been in existence for more than 25 years, and apparently has been heretofore without contest.[21]  And because no other Delaware court has applied the PWL in a contrary manner, KKG's claim presents no unsettled question requiring immediate resolution by the Supreme Court.[22]  These factors, therefore, just slightly favor interlocutory review.

(9)     Even if the DDOL may say it regularly relies on withholding orders against primary contractors to remedy the alleged wage deficiencies of subcontractors,[23] the Court in this instance addressed application of the PWL "to a

---

[20]  Appl. at 2.

[21]  *See In Re Port of Wilmington Gantry Crane Litig.*, 2020 WL 4932337, at *13 (Del. Super. Ct. Aug. 20, 2020) (discussing the evolution of the PWL's contested language).

[22]  *See In re Cogent, Inc. S'holder Litig.*, 2010 WL 4146179, at *3 (Del. Ch. Oct. 15, 2010) ("Moreover, because no other Delaware court has applied these statutes in a contrary manner, Plaintiffs' claim does not present an unsettled question that requires resolution by the Supreme Court.").

[23]  Appl. at 5.

unique set of circumstances, in a rarely-brought species of state civil action."[24]

Accordingly, "[t]he usual institutional import of a statutory-interpretation decision that might lead to weightier consideration of the Rule 42(b)(iii)(A) and (C) factors is missing here."[25]

(10) KKG affords *Worsham v. Delaware Department of Correction* undue weight here. In *Worsham*, this Court granted a motion for certification of an interlocutory appeal, finding that its decision related to the construction of Delaware statutes and interpretation—an issue of first impression—*and* that an interlocutory order may terminate the litigation.[26] Not so here. While the issue suggested for interlocutory review is of first impression, its resolution through interlocutory appeal will not terminate the litigation. Nor would this dispute concerning only KKG and the DDOL "significantly affect the subsequent phase[s] of litigation."[27]

---

[24] *State ex rel. French v. Card Compliant, LLC*, 2017 WL 2189650, at *3 (Del. Super. Ct. May 18, 2017), *app. refused sub nom. French v. Ruth's Hospitality Group, Inc.*, 2017 WL 2290067 (Del. May 23, 2017).

[25] *Id.*

[26] *Worsham v. Delaware Dep't of Corrections*, 1993 WL 390501, at *1 (Del. Super. Ct. Sept. 16, 1993).

[27] *HLTH Corp. v. Axis Reinsurance Co.*, 2009 WL 3326625, at *1 (Del. Super. Ct. Sept. 30, 2009) (finding that even though review would not "completely terminate the litigation" it would "significantly affect the subsequent phase of litigation" where "all parties moved for summary judgment or joined with other parties moving for summary judgment pursuant to Superior Court Rule 56(h) and represented that all issues raised in all motions for summary judgment were ripe for final adjudication on the merits.").

(11)   Indeed, review of KKG's posed questions won't even terminate the litigation against this one defendant in this multi-defendant action.  As KKG concedes, the interpretation of the PWL in the Court's Order is only a part of a broader dispute between KKG and the DDOL, and that dispute is only part of consolidated litigation that has multiple other parties and claims still left to be resolved by trial.   While the issue for interlocutory appeal may be a novel question of law, the potential further delays and increased costs to all parties in resolving this consolidated action outweigh the potential limited benefit to KKG.  The most efficient way to resolve this three-year-old case is to complete discovery and to prepare for and conduct trial, as opposed to potentially stalling the litigation here or diverting resources away from it to address this narrow issue involving only KKG.

(12)   Nor would certification and immediate review of this isolated facet of the case "substantially reduce further litigation and otherwise serve considerations of justice."[28]  The issue of whether KKG did otherwise violate the PWL would still need to be decided by this Court.  And it is resolution of that issue that will ultimately determine whether KKG is entitled to the DDOL-ordered withheld payments.  As such, the Court finds that the benefits of immediate review of the Court's Order

---

[28]   *Kennedy v. Encompass Indem. Co.*, 2012 WL 6042637, at *3 (Del. Super. Ct. Oct. 31, 2012).

would not outweigh the probable costs such that an interlocutory appeal is in the interests of justice.

(13) When considering a certification request the Court must remain ever mindful that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[29] The issue and circumstances presented in this application do not warrant such exceptional treatment.[30] And so, after application of Supreme Court Rule 42's "strict standards for certification,"[31] the Court must refuse KKG's request for certification of this interlocutory appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that KKG's Application for Certification of Interlocutory Appeal is hereby **DENIED.**

/s/ *Paul R. Wallace*

**Paul R. Wallace, Judge**

Original to Prothonotary
cc: All counsel via File & Serve

---

[29] Del. Supr. Ct. R. 42(b)(ii).

[30] *See e.g. Walton v. Cole*, Del., No. 273, 2020, Seitz, C.J. (Sept. 25, 2020) (noting upon refusal of an interlocutory appeal that: (1) "[i]nterlocutory review might either increase or decrease the costs of litigation in th[at] case;" (2) the applicants "ha[d] not identified conflicting decisions of the trial courts on the legal issues presented;" and (3) "if the Superior Court erred in its application of the law to the facts of th[at] case, then that error can be remedied on appeal from a final judgment.").

[31] *Steadfast Insurance Co. v. DBi Services, Inc.,* 2019 WL 3453239, at *1 (Del. July 25, 2019).