## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| THE STATE OF DELAWARE, ) | |
| Plaintiff, ) | |
| ) | |
| *Ex Rel.* ) | |
| ) | |
| RUSSELL S. ROGERS, ) | |
| Plaintiff-Relator, ) | |
| ) | |
| v. ) | C.A. No. N18C-09-240 |
| ) | PRW CCLD |
| THE BANCORP BANK, ) | |
| INTERACTIVE COMMUNICATIONS ) | |
| INTERNATIONAL, INC., ) | |
| and INCOMM FINANCIAL ) | |
| SERVICES, INC., ) | |
| Defendants. ) | |

Submitted: January 23, 2023
Decided: February 1, 2023

*Upon Defendant Interactive Communications International, Inc. and
InComm Financial Services, Inc.'s Application for Certification of Interlocutory Appeal,*
**GRANTED in part, DENIED in part.**

*Upon Plaintiff-Relator Russell S. Rogers'
Cross-Application for Certification of Interlocutory Appeal,*
**DENIED as MOOT.**

## <u>ORDER</u>

This 1st day of February, 2023, upon consideration of the parties'

applications[1] under Rule 42 of the Supreme Court for an order certifying an appeal

---

[1]   Defendants Interactive Communications International, Inc. and InComm Financial Services, Inc. timely filed their application for certification of interlocutory appeal on January 13, 2023. D.I. 300. That application was joined by Defendant Bancorp Bank. D.I. 301. Plaintiff-Relator Russell S. Rogers later filed a "cross-application for certification of interlocutory appeal" to cross-

from the interlocutory order of this Court dated January 3, 2023, it appears to the Court that:

(1)     This is a *qui tam* action first filed by Plaintiff-Relator Russell S. Rogers on behalf of the State of Delaware and against Bancorp Bank, Interactive Communications International, Inc., and InComm Financial Services, Inc. alleging violations of the Delaware False Claims and Reporting Act.[2]  According to Mr. Rogers, the defendants "conspired to defraud Delaware by executing contract provisions designed to mislead the State Escheator regarding who 'holds'" certain balances from abandoned prepaid vanilla cards.[3]

(2)     During discovery one of Mr. Rogers' law firms—Bondurant, Mixson & Elmore LLP ("Bondurant")—disclosed that after his November 2018 termination from InComm, Mr. Rogers gave his InComm-issued laptop to Bondurant.[4] Bondurant then loaded the laptop's entire hard drive onto its document review

---

challenge only the Court's decision to disqualify Benjamin E. Fox.  D.I. 306 at 2 ("Without waiver of any of the arguments in the Opposition, Relator has filed this cross-application for interlocutory review of the Order to preserve a cross-appeal with regard to the disqualification of Mr. Fox in the event that the Supreme Court accepts the InComm Defendants' certification for interlocutory appeal.").  The State took no position on the merits of InComm's prayer for certification, but expressed concerns over delay if the interlocutory appeal is granted.  D.I. 303 at 2.  The State has said nothing of Mr. Rogers' attempt to cross-apply.

[2]     *State ex rel. Rogers v. Bancorp Bank*, 2023 WL 21331, at *1 (Del. Super. Ct. Jan. 3, 2023) (the "Opinion"); *State ex rel. Rogers v. Bancorp Bank*, 271 A.3d 742, 743 (Del. Super. Ct. 2022).

[3]     *Rogers*, 271 A.3d at 743.

[4]     *Id.* at 744.

platform.[5]  All parties agreed the laptop contained some number of attorney-client privileged documents and attorney work product.[6]

(3)    When Bondurant's possession of the hard drive copy was discovered, the Court ordered its Special Master to review the extent to which Bondurant reviewed any privileged materials among InComm's documents.[7]  The Special Master's report revealed Bondurant accessed 874 documents—of those 874 documents, InComm asserted attorney-client privilege on 59 of those documents.[8] Further, the Special Master's Report highlighted that all 59 documents were accessed by a single user, attorney Benjamin E. Fox, Esquire, a partner with Bondurant.[9]

(4)    InComm moved to disqualify Mr. Fox and the entire Bondurant firm.[10] InComm also sought attorney's fees and reimbursement of other costs associated with bringing the disqualification motion.[11]  Defendant Bancorp Bank joined InComm's Motion.[12]

---

[5]    *Id.*

[6]    *Id.*

[7]    *Id.* at 744-45.

[8]    Special Master's Confidential Final Report at 5-6, Jan. 7, 2022 (D.I. 247).  *See* D.I. 248 for the Public Redacted version.

[9]    *Id.* at 6-7.

[10]   D.I. 250.

[11]   *Id.*

[12]   D.I. 251.

(5)     The Court held in its January 3, 2023 Memorandum Opinion and Order that Mr. Fox should be disqualified from further participation in the case and revoked his *pro hac vice* status.[13]  While the Court found Mr. Fox's conduct was such that he should be disqualified, the Court did not disqualify the entire Bondurant firm, finding only Mr. Fox was tainted.[14]  The Court ordered Bondurant pay the Special Master's fees as it was a Bondurant attorney's actions that caused the need for the Special Master's audit in the first place.[15]  But, the Court found awarding attorney's fees was not warranted, especially in light of the other sanctions imposed.[16]

(6)     InComm filed an application for certification of an interlocutory appeal arguing the Court did not go far enough in sanctioning Bondurant and should have disqualified the entire firm and awarded attorney's fees and related costs.[17]

(7)     Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[18]  Accordingly, the Court considers InComm's application under the

---

[13]   Opinion, at *16, *19.

[14]   *Id.* at *16-17.

[15]   *Id.* at *17-19.

[16]   *Id.*

[17]   InComm's Application for Certification of Interlocutory Appeal at 2-3, 7, Jan. 13, 2023 (D.I. 300); *see also Acierno v. Hayward*, 859 A.2d 617, 619 (Del. 2004) ("[A]n appeal from a disqualification ruling is interlocutory and may only be filed in compliance with Supreme Court Rule 42.").

[18]   *DiSabatino Bros., Inc. v. Wortman*, 453 A.2d 102, 103 (Del. 1982).

rigorous standards of Rule 42.[19]

(8)     Under Rule 42, when faced with a litigant's request for certification of an interlocutory appeal, this Court must: (a) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[20] (b) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[21] (c) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then (d) identify

---

[19]   *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P*., 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing DONALD J. WOLFE, JR. & MICHAEL A. PITTENGER, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")).

[20]   Del. Supr. Ct. R. 42(b)(i).

[21]   Those factors are:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[22] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[23] Applications for certification of an interlocutory appeal require the exercise of the trial court's discretion and are granted only in extraordinary or exceptional circumstances.[24]

(9) The first consideration—whether the order seeking certification decides a substantial issue of material importance that merits appellate review before a final judgment—is a threshold finding without which certification is inappropriate.[25] A substantial issue is usually understood as one that "decides a main question of law which relates to the merits of the case, and not to collateral matters."[26]

(10) InComm asks the Court to certify two rulings from the Court's January

---

[22] Del. Supr. Ct. R. 42(b). Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).

[23] Del. Supr. Ct. R. 42(b).

[24] *In re Pure Res., Inc. S'holders Litig.*, 2002 WL 31357847, at *1 (Del. Ch. Oct. 9, 2002); *Ryan v. Gifford*, 2008 WL 43699, at *4 (Del. Ch. Jan. 2, 2008).

[25] *Traditions, L.P. v. Harmon*, 2020 WL 1646784, at *1 (Del. Apr. 2, 2020).

[26] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters." (citation omitted)).

3, 2023 Memorandum Opinion and Order. The first concerns disqualification;[27] the second, awarding of fees. While the Court's resolution of the disqualification question is appropriate for certification, the same is not true for fees.[28]

(11) Though, strictly speaking, the representation of a party is immaterial to the merits of the underlying case, a litigant's ability to choose her attorney is fundamental and deprivation thereof implicates a fairness-of-the-proceeding question that should on occasion be addressed before final judgment.[29] And that consideration—that Mr. Fox and Bondurant's conduct tainted the case to the point that it would be unfair for InComm to continue to have to defend against the State and Relator if both Mr. Fox and Bondurant were still involved—was, after all, the

---

[27] InComm's application seeks to answer the question of whether Bondurant should have been disqualified. InComm's Application for Certification of Interlocutory Appeal at 2. Rogers' application seeks to answer the question of whether Mr. Fox should have been disqualified. Rogers' Application for Certification of Interlocutory Appeal at 2, Jan. 23, 2023 (D.I. 306). The consolidated issue the Court certifies here addresses both. So, while Mr. Rogers' attempt via "cross-application" is untimely, the substance and merits of his application survive.

[28] The Court may certify an interlocutory appeal in part. *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.,* 2020 WL 4464471, at *2 (Del. Super. Ct. Aug. 3, 2020) (citing *Dow Chem. Corp. v. Blanco,* 67 A.3d 392, 394 (Del. 2013)).

[29] Indeed, in the right circumstances, disqualification questions have been found to be ripe for interlocutory or other extraordinary review because questions of disqualification of counsel implicate a fundamental fairness-of-the-proceeding question for the aggrieved party and the Court. *See Sun Life Assurance Co. of Canada v. Wilm. Savings Fund Soc'y, FSB*, 2020 WL 5415830, at *2 (Del. Super. Ct. Aug. 5, 2020) (citing cases), *order accepted*, Order, *Sun Life Assurance Co. of Canada v. Wilm. Savings Fund Soc'y, FSB*, Del. Supr. 216, 2020, Traynor, J. (Aug. 26, 2020); *Avacus P'rs, L.P. v. Brian*, 1990 WL 44269, at *1 (Del. Ch. Apr. 11, 1990), *order accepted*, *Appeal of Infotechnology, Inc.*, 582 A.2d 215, 216 (Del. 1990). *But see Nat'l Union Fire Ins. of Pittsburgh, PA v. Stauffer Chem. Co.*, 1990 WL 161717, at *2 n.1 (Del. Super. Ct. Oct. 16, 1990) (denying certification after noting the trial court's order only disqualified two attorneys not the entire firm and that "numerous other counsel have been retained by Travelers to bring this action").

very heart of InComm's motion to disqualify and the Court's prejudice analysis. Given the specific circumstances and scope of the disqualification order entered here, the Court finds it decided a substantial issue of material importance that merits appellate review before a final judgment.

(12) The Court next considers the eight factors identified in Rule 42(b)(iii).[30] This disqualification question implicates only the eighth factor squarely—serving considerations of justice. Specifically, interlocutory review would serve considerations of justice because the "[Supreme] Court is the ultimate regulator of attorney conduct in this State."[31] So the deference owed to the Supreme Court to resolve issues of attorney malfeasance itself weighs in favor of interlocutory review.[32] And here that single factor weighs heavily in favor of an interlocutory review of whether this Court's disqualification of Mr. Fox was warranted, and if so, whether disqualification of the entire Bondurant firm should have followed.

(13) That said, interlocutory review is not warranted on the issue of fees and costs because the Court there did not decide any sort of substantial issue of material importance that would merit appellate review before a final judgment.[33] Nor do any

---

[30] *See* n.21, *supra.* (listing the eight Rule 42(b)(iii) factors).

[31] Order ¶ 5, *Sun Life Assurance Co. of Canada v. Wilm. Savings Fund Soc'y, FSB*, Del. Supr. 216, 2020, Traynor, J. (Aug. 26, 2020).

[32] *In re Green*, 464 A.2d 881, 885 (Del. 1983); *see Sun Life Assurance Co. of Canada*, 2020 WL 5415830, at *4.

[33] *See In re Del. Pub. Sch. Litig.*, 2022 WL 1220075, at *1 (Del. Ch. Apr. 26, 2022) (denying interlocutory appeal certification which "addressed whether the plaintiffs could recover a fee

of the Rule 42(b)(iii) factors support certifying an interlocutory appeal on the Court's refusal to grant attorney's fees in this instance. To reiterate, the Court looks at each issue in a Rule 42 application and may decide one, the other, none, or all warrant its certification.[34]

(14) After analyzing the eight Rule 42(b)(iii) factors, the Court must next consider the underlying case's scheduling for efficiency and justice.

(15) Even absent appellate review, the litigation necessarily faces at least some delay for new counsel to get up to speed. But, mitigating any delay attributable to appellate review, the parties have agreed themselves to stay discovery.[35]

(16) On balance, the benefits of interlocutory review outweigh the probable costs of moving forward with the issue of this unusual disqualification looming in the background.

(17) At bottom, that issue is substantial and uniquely within the province of the Supreme Court, thereby warranting review on an interlocutory basis rather than awaiting a final judgment in the case. In other words, in the Court's view, this is one of those extraordinary or exceptional circumstances where the Court should

---

award" because "[t]hat issue does not relate to the merits of the case"), *order refused*, 2022 WL 1552592 (Del. May 17, 2022).

[34] *See GXP Capital,* 2020 WL 4464471, at \*2 (citation omitted); *Dow Chem. Corp.*, 67 A.3d at 394.

[35] D.I. 307.

exercise its discretion and certify its disqualification ruling as to both the firm and the individual attorney for interlocutory review. But the same cannot be said for resolution of the attorney's fees claim—that does not warrant Rule 42 certification.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that InComm's Application for Certification of Interlocutory Appeal is hereby **GRANTED in part**, and **DENIED in part**, and Mr. Rogers' Cross-Application for Certification of Interlocutory Appeal is hereby **DENIED as MOOT.**

**SO ORDERED this 1ˢᵗ day of February, 2023**.

Paul R. Wallace, Judge

Original to Prothonotary
cc:    All counsel via File & Serve