# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Joyce Burhenn, Individually and as Personal Representative of the Estate of Leonard D. Burhenn, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: N23C-12-040 ASB |
| Celotex Asbestos Settlement Trust, | ) ) ) | |
| Defendants. | ) | |

Submitted: August 28, 2024
Decided: September 6, 2024

## OPINION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

## GRANTED

*Thomas Crumplar, Esquire* and *Courtney R. Prinski, Esquire,* Jacobs & Crumplar, P.A., New Castle, Delaware, *Attorneys for Plaintiff.*

*Katherine L. Hemming, Esquire,* Campbell & Levine, LLC, Wilmington, Delaware, Attorneys for Defendant and *Benjamin G. Stewart, Esquire,* Keating, Muething & Klekamp, PLL, Cincinnati, Ohio, *Pro Hac Vice Attorneys for Defendant*

**Jones, J.**

Joyce Burhenn ("Burhenn" or "Plaintiff") has filed the instant action as a result of her husband's, Leonard D Burhenn ("Leonard"), exposure to asbestos. Burhenn alleges that as a result of Leonard's exposure to asbestos he was diagnosed with mesothelioma in April 2012 and died on December 16, 2013.[1] Plaintiff has sued Celotex Asbestos Settlement Trust ("Celotex"). Celotex has filed a Motion to Dismiss Plaintiff's claim on the grounds that the complaint was untimely filed. This is the Court's decision on that motion.

Celotex manufactured and supplied building materials, some of which contained asbestos. In 1990, Celotex filed for bankruptcy protection in the Middle District of Florida Bankruptcy Court.[2] After the bankruptcy case concluded in 1996, the Plan authorized the creation of a victims' settlement trust to pay claims of persons who had pending asbestos claims and also future victims who were exposed to Celotex asbestos containing products.[3] Under the terms of the Plan, Celotex transferred assets to the trust, which in turn "assumed sole responsibility and liability" for asbestos-related claims against Celotex.[4] All claims against Celotex were discharged.[5] Under the Plan all persons were permanently enjoined from pursuing any asbestos related claims against Celotex. Claims against Celotex could only be asserted against the Trust.[6]

---

[1] Complaint ¶ 23.
[2] *See Exhibit A* to Defendant's Motion to Dismiss.
[3] *Id.* at ¶ 13-14.
[4] *Id.* at ¶ 14.
[5] *Id.* at ¶ 25.
[6] *Id.* at ¶ 26(e).

Under the Plan the Trust is authorized to adopt procedures for processing and, where appropriate, paying asbestos-related claims. Claims Resolution Procedures ("CRP") have been established. With respect to the timing of claims the CRP provides:

> For all direct claims filed against the Trust on or after July 1, 2005, in order to be considered timely filed, a claimant must file an Asbestos Personal Injury Claim with the Trust within three (3) years after the first date of diagnosis of the asbestos-related injury of the Disease Category for which the claim qualifies for payment.[7]

The CRP also authorizes the Trust to adopt alternative dispute resolution procedures so that claimants who are dissatisfied with the review of their claim by the trust may seek relief.[8] Dissatisfied claimants may submit their claims to either binding or nonbinding arbitration.[9] A claimant who elects non-binding arbitration and then rejects the award may elect to pursue a claim against the Trust in the tort system in other to determine the value of the claim.[10]

The Plan has a tolling provision related to the non-binding arbitration proceedings.[11] The CRP provides that any "applicable statutes of limitations or similar limitations periods will be tolled as of the date the claimant filed a claim with the trust".[12] However "to the extent the statute of limitations or similar limitations

---

[7] *See Exhibit B* to Defendant's Motion to Dismiss at §7.12(d).
[8] *Id.* at 7.8.
[9] *Id.* at 7.10.
[10] *Id.*
[11] *Id.*
[12] *Id.*

period has been tolled, it shall commence running 30 days after entry of the non-binding arbitration award".[13]

Leonard worked in the heating and air conditioning trade at various locations in South Dakota from 1960 until 1979.[14] During that time he alleges exposure to asbestos including asbestos-containing products manufactured or supplied by Celotex.[15] A South Dakota state court case against several asbestos manufacturers was filed on January 17, 2013.[16] Plaintiff did not name Celotex or the Trust in the lawsuit, but his representative alleges that he would have but for Celotex's bankruptcy, the Plan and the Order Confirming the Plan.[17]

A claim against the trust was filed on May 16, 2017. Plaintiff went through the process set forth under the Trust and its regulations.[18] The Trust initially denied the claim as untimely.[19] Plaintiff elected to proceed with a non-binding arbitration proceeding against the Trust.[20] The non-binding arbitration proceeding occurred and a decision was issued on November 30. 2022. On January 20, 2023,[21] Plaintiff received authorization to file a claim in the tort system.[22]

---

[13] *Id.*
[14] *Complaint* ¶ 23.
[15] *Id.*
[16] *Id.* at ¶ 4.
[17] *Id.*
[18] *Id.* at ¶ 8.
[19] *Id.* at ¶ 10.
[20] *Id.* at ¶ 11.
[21] *Id.* at ¶ 12.
[22] *Id.* at ¶ 14.

Celotex maintains that the claim was untimely filed under the trust documents and any statute of limitations that may be applicable to the instant action. Celotex claims that the triggering event for filing the claim is at the latest Leonard's autopsy, dated January 14, 2014, which confirmed mesothelioma as the cause of death. Plaintiff counters that the triggering event for purposes of the statute of limitations is not the date of diagnosis of injury but the date when the plaintiff received the authorization to sue letter following the nonbinding arbitration decision which was January 20, 2023.

The Plan controls the plaintiff's ability to sue Celotex. As such the timeliness of the claim must be analyzed under the terms of the plan and its claims procedures. The plan could not be more clear. The plan requires that any claim be filed with the trust within 3 years of the date of the first diagnosis of the asbestos related injury of the disease category for which the claim qualifies for payment. Giving the plaintiff every benefit of the doubt the latest that the time period for filing the claim began to run was the date of the autopsy confirming that mesothelioma was the cause of death. The date of the autopsy is January 14, 2014. Therefore, any claim filed with the trust had to be filed by January 14, 2017 to be timely. The claim was not filed until May 16, 2017 which makes it untimely.

Plaintiff's argument that the claim was tolled from the time Leonard was diagnosed until he or his representative submitted a claim to the Trust and that process was complete resulting in an Authorization letter is contrary to the plain

5

terms of the Plan. To accept plaintiff's interpretation would mean that there effectively no time limit to file a claim with the Trust. Such an interpretation is not logical and it ignores the plain language of the Plan.

The Trust does allow for tolling of any applicable statute of limitations. However the tolling mechanism outlined in the plan is dependent on the timely filing of a claim with the Trust in the first instance. In this case plaintiff did not meet the condition precedent of the timely filed claim with the Trust.

Even if this Court were to ignore the Plan documents and analyze this matter as a traditional tort case the claims against the Trust under such an approach would also be untimely. Leonard was exposed to Celotex products in South Dakota. Leonard lived in North Dakota and filed an asbestos lawsuit against other defendants in North Dakota. South Dakota has a three year statute of limitations.[23] North Dakota has either a three or six year statute.[24] These facts implicate Delaware's Borrowing Statute.[25] The clear and unambiguous terms of Delaware's Borrowing statute dictate that if a cause of action arises outside of Delaware, the Court must compare 'the time limited by the law of this state and the … where the cause of action arose and apply whichever is shorter. When a personal injury cause of action that arose outside of Delaware is time-barred under the Delaware statute of limitations, the Court must apply the Delaware statute of limitations. Put another

---

[23] S.D. Codified Laws §15-2-12.2).
[24] N.D. Cent. Code N.D.C.C. §28-01.3-08(4) and §28-01-16).
[25] 10 *Del. C.* §8121.

way, when a plaintiff alleges personal injury, the maximum limitations period allowable to that plaintiff is Delaware's two-year statute of limitations.[26] Applying the borrowing statute and Delaware's two-year statute of limitations plaintiff's claims are barred based on Leonard's date of autopsy, January 14, 2014, and the filing of this complaint on December 5, 2023.

Even if Delaware did not have a borrowing statute or I failed to apply it and this court were to apply the 3 year South Dakota Statute or the longer 6 year North Dakota statute the complaint would still be time barred as it was not filed by January 14, 2017 (for South Dakota purposes) or January 14, 2020 (for North Dakota purposes). Plaintiff claims that these statutes are tolled because of the plan documents. Accepting that the Plan documents control tolling the documents do not save plaintiff's claims. By the time the statute was tolled under the South Dakota three-year statute, the date the claim was filed in 2017, it was already barred. As to the North Dakota 6 year statute the claim accrues and the statute begins to run when a claimant knew or should have known about their asbestos related injury. Under North Dakota law any claim against the Trust accrued on April 9, 2012 but the tolling did not start until 5 years and just over one month later on May 16, 2017 when the Trust claim was filed. Pursuant to the Plan the tolling stopped on December 30, 2022, 30 days after Plaintiff received the non-binding arbitration award. At that point

---

[26] *In Re: Asbestos Litigation Schultz v. American Bilrite*, 2015 WL 5168121 (Del. Super. 2015).

plaintiff had until November 30, 2023 to file a claim within the 6-year period. It was not filed until December 5, 2023 and it was therefor time barred.

Plaintiff claims that the complaint is timely under "cross jurisdictional tolling" citing the Court to *Dow Chemical Corp. v. Blanco*.[27] In *Dow* the Delaware Supreme Court recognized cross jurisdictional tolling. But *Dow* concerned a case where the original complaint filed in the foreign jurisdiction was timely filed. Implicit in the concept of cross jurisdictional tolling is that the original complaint was timely filed. In the instant case the original foreign complaint (the claim against the Trust) was not timely filed.[28] As such cross tolling jurisdiction is not implicated in this case.

This case presents a situation where the plaintiff seeks to rely on certain provisions of the Trust plan when it favors her position and seeks to ignore other provisions of the plan when it does not favor her position. This is not the way it works. Either the plan applies or it does not. I have found that the plan applies. Application of the plan leads to a result that the claim against Celotex was untimely.

For the above reasons Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED**.

    */s/ Francis J. Jones, Jr.*      

Francis J. Jones, Jr., Judge

cc:    File&ServeXpress

---

[27] 67 A.3d 392 (Del. 2013).

[28] The Trust Plan documents by their terms allows for tolling of the statute of limitations once the claim is timely filed. Under the plan the statute of limitations is tolled until 30 days after the non-binding arbitration decision is issued. These provisions encompass the policy considerations underlying cross jurisdictional tolling.